IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

KATHERINE COX,

    Plaintiff,                                  Civil Action No. 3:20-cv-00142

v.

HUNTINGTON MUSEUM
OF ART, INC.,

    Defendant.

## COMPLAINT

Plaintiff Katherine Cox, by her counsel, Hoyt Glazer, Esq. and the Law Office of Hoyt Glazer, PLLC, files this action seeking redress and remedy arising from Huntington Museum of Art, Inc.'s reckless failure to comply with the provisions of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.

## PARTIES

1. Plaintiff Katherine Cox is a citizen and resident of Lawrence County, Ohio.

2. Defendant, Huntington Museum of Art, Inc., is a non-profit corporation with its principal place of business located in Huntington, Cabell County, West Virginia.

3. At all times alleged herein, Defendant acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment and/or assignment.

## JURISDICTION AND VENUE.

4. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331.

1

5. Venue is appropriate in this case under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Cabell County, which is in the Southern District of West Virginia.

**FACTS**

6. In 1999, Ms. Cox began working for Defendant as a museum educator.

7. As Defendant's museum educator, Ms. Cox established Defendant's Saturday KidsArt and After School art programs, developed art education programs for children and their families, and hired and trained teachers.

8. After successfully implementing art education programs for the Defendant, Ms. Cox received a promotion to Director of Education in 2002.

9. Over the next 16 years, Ms. Cox designed and implemented Museum Making Connections and managed numerous programs, including, but not limited to, her overseeing all of Huntington Museum of Art's (HMA) studio classes, summer camps, museum tours, and ArtWorks, as well as establishing partnerships with over 20 organizations on art events within the Cabell/Wayne community.

10. Throughout her employment, from 1999 until the summer of 2018, Ms. Cox earned positive appraisals of her work and did not receive any warnings or negative critiques of her performance.

11. On or about late 2017, Ms. Cox had concerns about a subordinate employee ("John Doe") who had refused to communicate with her and fulfill his responsibilities as a team member under her supervision.

12. Ms. Cox timely reported her concerns about the subordinate employee to Defendant's Executive Director.

13. Defendant's Executive Director suggested Ms. Cox conduct a department meeting twice per month instead monthly.

14. Ms. Cox immediately implemented the bi-monthly meetings with her staff.

15. However, the additional meetings did not remedy the problem and John Doe refused to speak during any of the meetings.

16. Mr. Doe is male, under 40 years of age and, on information and belief, gay.

17. On or about June 2018, Defendant's Executive Director and John Doe took a five (5) day, road trip to the northeast to collect artwork for Defendant.

18. On information and belief, Defendant's Executive Director and Mr. Doe discussed Ms. Cox during their five-day trip.

19. When the Defendant's Executive Director and John Doe returned, Ms. Cox asked the Executive Director about how John Doe was doing because he had, by this time refused to speak with her entirely.

20. Defendant's Executive Director told Ms. Cox that John Doe "was fine."

21. On information and belief, Defendant did not investigate Ms. Cox's allegations of Mr. Doe's improper conduct against her, either.

22. On July 20, 2018, Ms. Cox completed John Doe's performance review.

23. On July 24, 2018, prior to meeting with John Doe regarding his performance review, Ms. Cox asked Defendant's Executive Director "Do you want to talk about it [Doe's review] ahead because it's going to be difficult."

24. The Defendant's Executive Director did not offer suggestions or assistance and, instead, told Ms. Cox that he wanted to wait to discuss the matter.

25. On July 27, 2018, Ms. Cox met with John Doe.

26. Ms. Cox raised her concerns about John Doe's failure to communicate and participate as a team player, which were both part of his job description.

27. On Tuesday, July 31, 2018 at 3 PM, Ms. Cox met with Defendant's Executive Director and Defendant's Human Resources Director.

28. Defendant's Executive Director handed Ms. Cox a reprimand letter and then read it aloud.

29. The reprimand letter alleged that Ms. Cox had "inappropriate contact" with John Doe.

30. On information and belief, Defendant's Executive Director had received allegations from John Doe before she asked about how John Doe was doing and sought assistance with Doe's review.

31. However, Defendant's Executive Director did not inform Ms. Cox about John Doe's allegations or raise concerns regarding Ms. Cox's actions prior to July 31, 2018.

32. The accusation that Ms. Cox touched John Doe inappropriately or otherwise engaged in any inappropriate conduct is completely false.

33. Given the repeated problems with John Doe that she had reported and her having previously requested assistance regarding said employee, the reprimand stunned Ms. Cox who responded, "You've got to be kidding" (or words to that effect).

34. The Defendant's Executive Director responded that he was not and represented that the Defendant could be sued; the entire museum education program Ms. Cox had developed could be ruined; and, that HMA had consulted with an attorney.

35. In shock, Ms. Cox was instructed to and did sign the reprimand letter.

36. After signing the reprimand, Ms. Cox asked Defendant's Executive Director if he thought John Doe would change and become more communicative.

37. Defendant's Executive Director replied that he would discuss that with John Doe.

38. During the meeting involving the reprimand, despite no prior indication to Ms. Cox, Defendant's Executive Director now alleged that John Doe had approached him and Defendant's Human Resource Director about the "inappropriate contact."

39. Defendant's Executive Director further stated that he and the Defendant's Human Resource Director believed that the reason John Doe was not communicating with Ms. Cox was because he claimed she had touched him inappropriately on his arm.

40. After considering her repeated reports to Defendant about John Doe's conduct and insubordination; Defendant's dismissal of and failure to remedy her concerns about working with John Doe; complete acceptance of John Doe's allegation against her; and, Defendant's actions against her including, Ms. Cox realized that Defendant had fostered a hostile work environment.

41. Despite Ms. Cox having served Defendant for nearly 20 years without any criticism of her performance or suggestion from Defendant that she had conducted herself inappropriately, Defendant's actions and treatment of her left Ms. Cox no choice but to resign her employment on August 7, 2018.

42. As a result of her constructive discharge and circumstances surrounding the same, Ms. Cox has sustained financial losses and suffered emotional distress.

## COUNT I: HOSTILE WORK ENVIRONMENT

43. Plaintiff incorporates the previous paragraphs as if set forth herein.

44. During the course of her employment, Ms. Cox was repeatedly subjected to hostile behavior by Defendant based on her age and/or sex.

45. Ms. Cox did not consent, encourage or welcome the hostile behavior described in the preceding paragraphs.

46. The Defendant's actions against Ms. Cox were sufficiently severe and/or pervasive to alter the terms and conditions of her employment and create an abusive and hostile work environment.

47. Plaintiff gave Defendant notice of the hostile behavior and/or hostile work conditions as previously alleged.

48. Defendant had notice of the hostile behavior and/or hostile work conditions because they were pervasive and obvious, and Ms. Cox had notified Defendant of the same.

49. Defendant failed to investigate and take remedial action in response to Ms. Cox's reports of the hostile behavior and/or hostile work environment.

50. Hostile behavior and hostile work conditions continued to occur following Ms. Cox's reports of the same.

51. Defendant had the power to alter or affect the terms and conditions of Ms. Cox's employment, and Defendant denied her benefits of employment by refusing to remedy Ms. Cox's reports of hostile behavior and/or hostile work conditions.

52. Rather than remedy the work conditions Ms. Cox reported, Defendant fostered a hostile work environment by allowing John Doe to continue his inappropriate conduct against Ms. Cox and then crediting John Doe's false accusation against and reprimanding Ms. Cox while failing to investigate or remedy Plaintiff's reports.

53. Defendant's failure to remedy the alleged improper, hostile work environment harmed Ms. Cox and created hostile work conditions such that Ms. Cox had no choice but to resign her employment.

54. Defendant acted with malice and with reckless indifference to Ms. Cox's rights under Title VII of the Civil Rights Act and Plaintiff's emotional and physical condition.

55. As a direct and/or proximate result of Defendant's actions, Ms. Cox has suffered, and continues to suffer, substantial losses in earnings, bonuses, deferred compensation and other benefits of employment, which she would have received had Defendants not created/fostered a hostile work environment, all to her damage in an amount according to proof. Wherefore, Plaintiff requests relief as provided in the Prayer for Relief.

## COUNT II: AGE DISCRIMINATION

56. Plaintiff incorporates the previous paragraphs as if set forth herein.

57. Throughout her employment, Plaintiff satisfied all requisite job qualifications, was qualified for the position she held, and performed her job in a manner that met or exceeded the Defendant's legitimate expectations.

58. Plaintiff is over 40 years of age and, as such, is a member of a protected class under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 -634.

59. The Defendant treated employees who are not in Plaintiff's protected class more favorably because of their ages.

60. The Executive Director who issued the reprimand to Ms. Cox and Human Resources Director, who was present at the above-referenced meeting are both younger than Plaintiff.

61. On information and belief, employees who are not over 40 years of age, including John Doe, received more favorable treatment and greater credibility and/or did not suffer adverse action after making reports about their conditions of employment.

62. The Plaintiff's age was a motivating factor in the Defendant's decision to take adverse action against Ms. Cox, up to and including issuing a written reprimand, failing to address her good faith report of inappropriate workplace conduct, and creating intolerable work conditions resulting in Ms. Cox's constructive discharge.

63. But for her age, Defendant would not have taken adverse action(s) against Plaintiff.

64. Defendant's treatment of Plaintiff because of her age was done with malice and with reckless indifference to Plaintiff's rights and Plaintiff's emotional and physical well-being.

65. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial damages. Wherefore, Plaintiff requests relief as provided in the prayer.

## COUNT III: DISCRIMINATION BASED ON SEX

66. Plaintiff incorporates the preceding paragraphs as if set forth herein.

67. Throughout her employment, the Plaintiff satisfied all job requirements, was qualified for the position that she held, and performed her job in a manner that met or exceeded the Defendant's legitimate expectations.

68. Plaintiff is female and heterosexual.

69. Defendant treated employees who are male and/or gay more favorably than Plaintiff.

70. On information and belief, employees who are male and/or not heterosexual were not subjected to adverse employment actions, including, but not limited to, Defendant's failure to investigate Ms. Cox's reports of inappropriate treatment by another employee, and Defendant's creation of intolerable employment conditions resulting in her constructive discharge.

71. The Plaintiff's sex and/or sexual orientation was a motivating factor in the Defendant's decision to take the aforementioned adverse actions against her.

72. The Defendant discriminated against Ms. Cox on the basis of her sex and/or sexual orientation in violation of Title VII, 42 U.S.C. § 2000e-2(a).

73. Defendant's treatment of Plaintiff because of her sex and/or sexual orientation was done with malice and with reckless indifference to Plaintiff's rights and Plaintiff's emotional

and physical well-being.

74. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial damages. Wherefore, Plaintiff requests relief as provided in the prayer.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Katherine Cox requests judgment against the Defendant as follows:

On all counts, grant Plaintiff actual damages for lost wages (front and back pay), lost compensation and fringe benefits and other expenses incurred as a result of Defendant's above-described actions;

On all counts, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

On all counts, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish Defendant for its reckless and willful actions;

Prejudgment and post judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, KATHERINE COX,
By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar #6479)
Law Office of Hoyt Glazer, PLLC
618 10th Street, Suite 105
Huntington, WV 25701
T. 681-204-3914
F. 681-495-0494
hoyt@hoytglaw.com