IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATHERINE COX,

          Plaintiff,

v.                                                    CIVIL ACTION NO.   3:20-0142

HUNTINGTON MUSUEM OF ART, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

      This discrimination suit arises out of plaintiff Katherine Cox's former employment with Huntington Museum of Art, Inc. The Museum now moves to dismiss for failure to state a claim upon which relief can be granted. Because the Complaint fails to establish a factual basis for any of Cox's claims, the Court **GRANTS** the Museum's motion.

**I. BACKGROUND**

      Cox alleges the following facts. ECF No. 1. She began working for the Museum in 1999 and last held the position of Director of Education. *Id.* ¶¶ 6, 8. Over the next sixteen years, she designed and managed several Museum programs and received positive appraisals of her work. *Id.* ¶¶ 9–10. In late 2017, Cox grew concerned about a subordinate employee, John Doe, who "refused to communicate with her and fulfill his responsibilities as a team member under her supervision." *Id.* ¶ 11. She reported her concerns to the Executive Director, and he advised her to conduct department meetings every two weeks instead of monthly. *Id.* ¶¶ 12–13. Cox implemented the suggestion, but Doe refused to speak during the department meetings. *Id.* ¶¶ 14–15.

The Executive Director and Doe took a five-day trip in June 2018 to collect artwork for the Museum. *Id.* ¶ 17. Cox believes the two men discussed her during the trip. *Id.* ¶ 18. Upon their return, Cox asked the Executive Director how Doe was doing because Doe now refused to speak to Cox entirely. *Id.* ¶ 19. The Executive Director responded that Doe "was fine." *Id.* ¶ 20. He did not investigate Doe's conduct any further. *Id.* ¶ 21.

On July 20, 2018, Cox completed Doe's performance review. *Id.* ¶ 22. Prior to meeting with Doe about the review, she asked the Executive Director if he wanted to talk about it because the meeting with Doe was "going to be difficult." *Id.* ¶ 23. The Executive Director told Cox he wanted to wait to talk about it, so Cox went ahead and met with Doe to discuss his performance review. *Id.* ¶¶ 24–25. During the meeting, Cox raised her concerns about Doe's failure to communicate and be a team player, both of which were part of his job description. *Id.* ¶ 26.

On July 31, Cox met with the Executive Director and Human Resources Director. *Id.* ¶ 27. The Executive Director handed Cox a reprimand letter alleging she had "inappropriate contact" with Doe. *Id.* ¶¶ 28–29. The Museum did not inform Cox of Doe's allegations before the meeting, and Cox claims the allegations are false. *Id.* ¶¶ 31–32. After signing the reprimand letter, Cox asked the Executive Director if Doe would become more communicative. *Id.* ¶ 36. The Executive Director said he would discuss the issue with Doe. *Id.* ¶ 37. He also explained the reason Doe would not communicate with Cox was because Doe claimed that Cox touched him inappropriately on the arm. *Id.* ¶¶ 38–39.

As a result of Doe's and the Executive Director's conduct, Cox believed the Museum fostered a hostile work environment, and she resigned on August 7. *Id.* ¶¶ 40–41. Cox now alleges three claims against the Museum: hostile work environment under Title VII, age discrimination under the Age Discrimination in Employment Act, and sex discrimination under Title VII. *Id.* ¶¶

43–74. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Museum filed a motion to dismiss these claims for failure to state a claim on which relief can be granted. ECF No. 5.

## II. LEGAL STANDARD

To survive a motion to dismiss, a plaintiff's complaint must contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The facts contained in the statement need not be probable, but the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court must accept all factual allegations in the complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

## III. DISCUSSION

**A. Cox failed to state a hostile work environment claim based on age or sex.**

Cox first alleges a hostile work environment claim based on age and sex under Title VII. To state a hostile work environment claim, a plaintiff must allege facts plausibly showing: (1) unwelcome conduct; (2) based on a protected characteristic; (3) that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). A plaintiff "is not charged with pleading facts sufficient to prove her case," but the plaintiff "is required to allege facts that support a claim for relief." *Id.* "The words 'hostile work environment' are not talismanic, for they are but a legal conclusion; it is the

alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage." *Id.*

The Fourth Circuit addressed the pleading requirements for a hostile work environment claim in *Bass v. E.I. DuPont de Nemours & Company*. 324 F.3d at 764–65. There, only two allegations implicated a protected characteristic. *Id.* at 765. First, the plaintiff alleged that, as an African American woman, she "was consistently paid less than and consistently did not advance as fast as similarly situated white men." *Id.* And second, the plaintiff alleged the defendant engaged in various negative acts "because of her race and sex [and age]." *Id.* The court held the complaint, at best, told "a story of a workplace dispute regarding her reassignment and some perhaps callous behavior by her superiors" but did not "describe the type of severe or pervasive gender, race, or age based activity necessary to state a hostile work environment claim." *Id.* The court therefore affirmed the district court's dismissal of the claim. *Id.*

Compared to *Bass*, Cox's Complaint contains an even weaker showing of conduct based on a protected characteristic. None of the complained-of actions have any factual link to Cox's age or sex. She simply observes that Doe is a man under forty while she is a woman over forty. ECF No. 10, at 8. But no factual allegation suggests this difference in age or sex motivated Doe's or the Executive Director's conduct. The Complaint's only mention of age or sex regarding the hostile work environment claim is that Cox was "repeatedly subjected to hostile behavior by Defendant based on her age and/or sex" ECF No. 1 ¶ 44. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The Complaint therefore fails to plead facts sufficient for the claim's second element.

Even if a link to age or sex existed, the complained-of conduct cannot plausibly meet the "severe or pervasive" standard. For this analysis, courts look at all of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). The analysis is both objective and subjective, meaning a reasonable person in the plaintiff's position would find the environment abusive or hostile, and the plaintiff found it abusive or hostile. *Id.* (citations omitted). Although this inquiry is a question of fact, dismissal is appropriate where the pleaded facts are insufficient to state a facially-plausible claim. *E.g. Buchhagen v. ICF Int'l, Inc.*, 545 F. App'x 217, 219–20 (4th Cir. 2013) (affirming district court's dismissal of hostile work environment claim because the allegations were conclusory and lacked sufficient factual support to make them plausible); *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (affirming district court's dismissal of hostile work environment claim because the complaint fell short of alleging an abusive environment based on race or gender).

Cox's main support for her claim is the Executive Director's alleged failure to remedy Cox's complaints about Doe's behavior. ECF No. 10, at 5–6. However, Cox merely alleges that Doe "refused to communicate with her and fulfill his responsibilities as a team member under her supervision." ECF No. 1 ¶ 11. This general allegation does not show the kind of "discriminatory intimidation, ridicule, and insult" prohibited by anti-discrimination law. *Harris*, 510 U.S. at 21 (citation omitted). In fact, the Fourth Circuit specifically held in *Perkins v. International Paper Company* that a group of employees' racially-motivated refusal to speak with other employees did not meet the severe or pervasive standard. 936 F.3d 196, 209 (4th Cir. 2019). Thus, Doe's conduct,

unlinked to any protected characteristic, at best shows the kind of "rude treatment by [coworkers]" that courts consistently hold is not actionable. *Baquir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006); *see also Sunbelt Rentals*, 521 F.3d at 315 ("Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard."). Because Doe's conduct cannot plausibly violate the ADEA or Title VII, neither can the Executive Director's failure to stop it.

As further support, Cox also cites the Executive Director's acceptance of Doe's allegation and decision to reprimand Cox. ECF No. 10, at 5–6. However, "callous behavior by [one's] superiors" or "a routine difference of opinion and personality conflict with [one's] supervisor" are not actionable. *Bass*, 324 F.3d at 765; *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000). For example, in *Buchhagen v. ICF International, Inc.*, the plaintiff alleged her supervisor yelled and pounded her hands on a desk, harped on the plaintiff's mistakes, made snide comments, played favorites, pitted employees against each other, and unfairly scrutinized the plaintiff's performance and use of leave. 545 F. App'x at 220. Yet, the Fourth Circuit held the district court properly dismissed her hostile work environment claim because the conduct fell "far short of being severe or pervasive enough to establish an abusive environment." *Id.* In *Bonds v. Leavitt*, the Fourth Circuit also held a district court properly dismissed a hostile work environment claim because the plaintiff's allegations, including being removed as project officer for two different drug trials and being subjected to a performance-related investigation, "[fell] well short of alleging an abusive working environment." 629 F.3d 369, 385 (4th Cir. 2011). In comparison to *Buchhagen* and *Bonds*, the Executive Director's decision to credit Doe's allegation and reprimand Cox without speaking to her beforehand is a far milder exercise of supervisory authority, and it does not support finding an abusive environment.

The Court therefore concludes Cox's allegations are insufficient to support the second and third elements of a hostile work environment claim. Count I is dismissed.

**B. Cox failed to state an age discrimination claim.**

Cox next alleges a discrimination claim under the ADEA, which forbids employers to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To survive a motion to dismiss, Cox must plausibly allege: (1) she was age forty or older; (2) she suffered an adverse employment action, meaning "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits"[1]; and (3) her age was a determining factor in the employer's decision to take the adverse action. *Proud v. Stone*, 945 F.2d 796, 797 (4th Cir. 1991); *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (defining adverse employment action). Dismissal is appropriate where the pleaded facts are insufficient to state a facially-plausible claim. *E.g. Cunningham v. Castelle*, No. 2:10-CV-01207, 2011 WL 4435565, at *2 (S.D.W. Va. Sept. 22, 2011) (dismissing ADEA claim because the plaintiff did not present sufficient factual allegations). Indeed, dismissing implausible claims is important to ensure employers who would otherwise have no bias against older workers do not refuse to hire them out of fear of meritless but costly ADEA actions. *Proud*, 945 F.2d at 798.

For the second element, Cox argues her written reprimand is a sufficient adverse employment action to survive the Museum's Motion to Dismiss. ECF No. 10, at 11–12. However,

---

[1] As the defendant points out, a broader definition of adverse action applies to retaliation claims. In *Burlington Northern & Santa Fe Railroad Co. v. White*, the Supreme Court held Title VII's substantive and antiretaliation provisions are not coterminous, and the "scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." 548 U.S. 53, 67 (2006); *see also Millea v. Metro-North R. Co.*, 658 F.3d 154, 164 (2d Cir. 2011) (explaining this development). However, Cox does not plead a retaliation claim, so this more expansive definition of adverse action does not apply.

Cox does not allege the reprimand caused "a significant change in [her] employment status, such as . . . firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hoyle*, 650 F.3d at 337. Courts regularly hold reprimands that do not cause significant changes are not adverse employment actions. *E.g. Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 430–31 (4th Cir. 2015) (holding a reprimand letter was not an adverse employment action because it did not change the plaintiff's employment conditions); *Prince-Garrison v. Md. Dep't of Health & Mental Hygiene*, 317 F. App'x 351, 353 (4th Cir. 2009) (holding meetings with supervisors and reprimands for insubordination were not adverse employment actions); *Ellis v. Kanawha Cty. Pub. Library*, No. 2:15-cv-05698, 2018 WL 4293137, at *3 (S.D.W. Va. Sept. 10, 2018), *aff'd*, 756 F. App'x 323 (4th Cir. 2019) (holding a written warning, suspension, and failure to interview plaintiff prior to his suspension were not materially adverse employment actions); *Jones v. Dole Food Co.*, 827 F. Supp. 2d 532, 549–50 (W.D.N.C. 2011), *aff'd*, 473 F. App'x 270 (4th Cir. 2012) (holding a written warning was not an adverse employment action because it did not adversely affect the plaintiff's terms, conditions, or benefits of employment). Cox only faces a motion to dismiss here, but she still must plead facts plausibly showing the reprimand caused a significant change in her employment. Because she did not, the written reprimand does not constitute a plausible adverse action.

   Cox also relies on a theory of constructive discharge to satisfy the adverse action requirement. To survive the Motion to Dismiss on this theory, Cox must plausibly allege the Museum acted deliberately to induce resignation and her working conditions were so intolerable that a reasonable person would have resigned. *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985). Intolerability "is not established by showing merely that a reasonable person, confronted with the same choices as the employee, would have viewed resignation as the wisest

or best decision, or even that the employee subjectively felt compelled to resign." *Perkins*, 936 F.3d at 212 (citation omitted). Rather, intolerability "is assessed by the objective standard of whether a reasonable person in the employee's position would have felt *compelled* to resign, . . . that is, whether he would have had *no choice* but to resign." *Id*. (emphasis in original) (citation and internal quotation marks omitted). "[M]ere dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions" do not constitute objectively intolerable conditions. *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 262 (4th Cir. 2006) (citation omitted). "Because the claim of constructive discharge is so open to abuse by those who leave employment on their own accord, [the Fourth Circuit] has insisted that it be carefully cabined." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 187 (4th Cir. 2004) (citation omitted).

Cox has not plausibly alleged objectively intolerable working conditions. As previously discussed, the Executive Director's alleged failure to remedy Doe's behavior and his decision to reprimand Cox were not severe enough to create a hostile work environment, and "[p]roof of constructive discharge requires a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment." *Perkins*, 936 F.3d at 212 (citations omitted). Although Cox may have believed resignation was her best choice when faced with an allegedly insubordinate coworker and unfair supervisor, these conditions would not compel a reasonable person to resign. *See Boney v. Trustees of Cape Fear Cmty. Coll.*, 366 F. Supp. 3d 756, 763 (E.D.N.C. 2019) (dismissing ADEA constructive discharge claim because a written reprimand, increased oversight by supervisor, and other corrective measures did not constitute objectively intolerable working conditions). Cox also alleges no facts showing the Executive Director deliberately induced her resignation. *See Dodrill v. Alpharma, Inc.*, No. 1:11CV35, 2011

WL 3877076, at *5 (N.D.W. Va. July 13, 2011), *adopted by* 2011 WL 3878333 (Aug. 31, 2011) (dismissing constructive discharge claim because plaintiff "has not provided even a hint in his complaint that his employer had a specific intent to force him to leave"). To the contrary, the Executive Director told Cox he would discuss Doe's conduct with him after Cox signed the reprimand letter, indicating a desire to resolve the interpersonal conflict. ECF No. 1 ¶¶ 36–37. The Complaint is therefore insufficient to support a constructive discharge theory.

Cox also failed to plausibly show her age was a determining factor in any of the Executive Director's actions as required by the third element. She simply alleges that "[t]he Plaintiff's age was a motivating factor in the Defendant's decision to take adverse action against Ms. Cox, up to and including issuing a written reprimand, failing to address her good faith report of inappropriate workplace conduct, and creating intolerable work conditions resulting in Ms. Cox's constructive discharge." ECF No. 1 ¶ 62. But no pleaded facts support this conclusory statement, so the Court disregards it. *See Iqbal*, 556 U.S. at 678.

Finally, Cox tries to establish an inference of unlawful discrimination based on the different treatment she and Doe received. ECF No. 10, at 12–13. Specifically, she claims "employees who are not over 40 years of age, including John Doe, received more favorable treatment and greater credibility and/or did not suffer adverse action after making reports about their conditions of employment." ECF No. 1 ¶ 61. However, when relying on comparator evidence to establish an inference of discrimination, "the similarity between comparators . . . must be clearly established in order to be meaningful." *Swaso v. Onslow Cty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017) (citation omitted). "Overall, the inquiry simply asks whether there are sufficient commonalities on the key variables between the plaintiff and the would-be comparator to allow the type of comparison that, taken together with the other prima facie evidence, would allow a jury

to reach an inference of discrimination." *Id.* (citation omitted). Here, Cox's and Doe's complaints to the Executive Director differ drastically. Cox merely complained that Doe, her subordinate, "refused to communicate with her and fulfill his responsibilities as a team member under her supervision." ECF No. 1 ¶ 11. In contrast, Doe alleged that Cox, his supervisor, inappropriately touched him. *Id.* ¶¶ 29, 39. The accusations' difference in severity means Cox and Doe were not similarly situated, so the alleged difference in the Executive Director's responses cannot plausibly support an inference of discrimination.

In sum, Cox failed to plausibly allege an adverse action or any facts showing her age motivated the Executive Director's actions. She therefore failed to state an age discrimination claim upon which relief can be granted. The Court dismisses Count II.

### C. Cox failed to state a sex discrimination claim.

Cox also alleges a sex discrimination claim under Title VII, which forbids employers to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). To survive the Motion to Dismiss, Cox must plausibly allege the Museum took an adverse employment action against her because of her sex and the motive to discriminate was at least one of the Museum's motives. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343 (2013).

Cox bases her sex discrimination claim on the same facts and arguments as her age discrimination claim, so it fails for the same reasons. First, Cox did not plausibly allege an adverse employment action. The written reprimand is insufficient because Cox did not plead facts showing it caused "a significant change in [her] employment status." *Hoyle*, 650 F.3d at 337. Her reliance on a theory of constructive discharge is also inadequate because she did not plausibly allege

objectively intolerable working conditions or that the Executive Director acted deliberately to induce her resignation. *See Bristow*, 770 F.2d at 1255. Second, Cox failed to plausibly allege her sex or sexual orientation motivated any of the Executive Director's actions. Her conclusory statement that her "sex and/or sexual orientation was a motivating factor in the Defendant's decision to take the aforementioned adverse actions against her" carries no weight. ECF No. 1 ¶ 71; *see Iqbal*, 556 U.S. at 678. And third, Cox and Doe were not similarly situated due to the significant difference in their complaints to the Executive Director, so any difference in the Executive Director's responses cannot plausibly support an inference of discrimination. For these reasons, Cox failed to state a sex discrimination claim upon which relief can be granted, and the Court dismisses Count III.

### IV. CONCLUSION

The Court therefore **GRANTS** the Museum's Motion to Dismiss, ECF No. 5, and **DISMISSES** this case with prejudice. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 23, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE